**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
JOSEPH J. PLUMERI II,

        Plaintiff,                            Civil Case No.

    -against-                           **COMPLAINT FOR**
                                         **DECLARATORY JUDGMENT**
STEVEN B. BARGER,

        Defendant.
---------------------------------------------------------X

      Plaintiff, Joseph J. Plumeri II, for his Complaint for Declaratory Judgment against Defendant, Steven B. Barger, states as follows:

## NATURE OF THE ACTION

      1.      This action is brought by Plumeri seeking a declaration that Barger has no legal right to sue him for claims allegedly arising out of Plumeri's testimony in *Steven Barger v. First Data Corporation*, 1:17-cv-04869-FB-LB, United States District Court for the Eastern District of New York, the Honorable Frederic Block presiding. In that case, Barger called Plumeri to testify in his case-in-chief as the first witness. The jury returned a verdict in favor of First Data Corporation on September 24, 2019.

      2.      By letters dated October 11, 2019, Barger, through his counsel, Shawn Shearer, Esq., has sent harassing, threatening, bullying, and hostile letters to Plumeri and others, putting Plumeri on notice that Barger intends to imminently sue him because of Plumeri's testimony at the First Data trial. By this Complaint for Declaratory Judgment, Plumeri respectfully requests that the Court enter judgment and declare that Barger is prohibited from filing any claims against Plumeri arising from his testimony because Plumeri is absolutely immune from any such claims

by virtue of the "witness privilege."[1] Barger should also be required to pay Plumeri's attorneys' fees and costs associated with the filing of this Complaint.

## PARTIES

3.  Plumeri is a citizen of the State of New York, and resides in Southampton, Suffolk County, New York.

4.  Barger is a citizen of the State of Alabama, and resides in Birmingham, Jefferson County, Alabama. Barger is the plaintiff in *Steven B. Barger v. First Data Corporation*, 1:17-cv-04869-FB-LB.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction under 28 U.S.C. § 1332(a)(l) because this is an action between citizens of different states and the amount in controversy exceeds $75,000. In addition, this Court has jurisdiction under 28 U.S.C. § 2201 because an actual controversy exists between the parties.

6.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district, and pursuant to 28 U.S.C. § 1391(b)(3) because Barger is subject to personal jurisdiction in this district.

## FACTS

**A.     Plumeri's Testimony in the Barger Case**

7.  In 2014, Plumeri worked for First Data Corporation as a Senior Advisor to the CEO. On behalf of First Data, Plumeri hired Barger as a consultant, and later as an employee, beginning in March 2014.

---

[1] Plumeri denies that any of the alleged claims identified in Shearer's letter to him dated October 11, 2019, have any merit or basis in fact or law. A true and correct copy of that letter is attached as Exhibit 1.

2

8. First Data terminated Barger's employment effective February 2017.

9. Barger then sued First Data and six First Data employees under the Family and Medical Leave Act and the Americans with Disabilities Act. That case was docketed as *Steven Barger v. First Data Corporation, et al.,* 1:17-cv-04869-FB-LB.[2]

10. Barger did not depose Plumeri during discovery of that case.

11. On September 11, 2019, Barger's counsel served a subpoena compelling Plumeri to appear and testify on September 17, 2019, at the jury trial in his case. A true and correct copy of the Plumeri subpoena is attached as Exhibit 2.

12. On September 17, 2019, Barger called, and Plumeri appeared and testified as a lay witness during Barger's case-in-chief.

13. On September 24, 2019, the jury returned a verdict in favor of Defendant First Data Corporation on all counts, and the case was dismissed with Barger recovering nothing.

**B.     Barger's First October 11, 2019 Letter to Plumeri**

14. On October 11, 2019, Barger's attorney Shearer sent a letter on his client's behalf to Plumeri c/o Kohlberg, Kravis and Roberts. *See* Ex. 1. For purposes of this Complaint for Declaratory Judgement, that letter states in pertinent part:

> ***Due to the content of your sworn testimony*** provided in the matter of *Barger v. First Data (EDNY 1:17-cv-04869-FB-LB)* on Tuesday, September 18, 2019,[3] Mr. Steven Barger is noticing you of his intent to bring claims against you personally, including (but not limited to) fraud in the inducement, breach of contract, unjust enrichment, conversion and theft of intellectual property.

Ex. 1 at 1 (emphasis added).

15. Barger's October 11, 2019 letter to Plumeri continued:

---

[2] During the course of discovery and during trial, Barger dismissed all of individual defendants from the case.

[3] The record in the *Barger* case reflects that Plumeri testified on September 17th, not the 18th.

3

> It is Mr. Barger's legal position that *your testimony* constitutes proof of fraud, and that you have admitted under oath to having deprived Mr. Barger of significant financial compensation. Further, *your statements* also rise to professional defamation, slander as well as proof of both your personal intent as well as actual theft of, and unjust enrichment from, Barger's intellectual property.

*Id.* (emphasis added).

16. The purpose of and basis for Barger's October 11, 2019 letter threatening litigation is clear on its face:

> The purpose of this letter, is to inform you that *due to the information you provided under oath*, which is in direct conflict with information you provided Barger, you are now informed that you should anticipate litigation and are being placed under a formal legal hold.

*Id.* at 2 (emphasis added).

17. The October 11, 2019 letter then went on to threaten Plumeri and others:

> Any attempt by you, Mr. Adam Rosman, or any other party through Gary Eidelman, Mr. Louis DiLorenzo or any other lawyer, to interfere in Barger's current appeal against Fiserv due to your personal liability to Barger will not be tolerated.[4]
>
> \* \* \*
>
> These lies, admissions and statements meet the standard of the claims that Barger will assert against you in the form of pleadings in federal court before the end of 2019.

*Id.*

18. The October 11, 2019 letter also demands that Plumeri preserve a slew of electronically stored information, documents, text messages, phone records, information, etc. dating back to 1982, including any and all correspondence between Plumeri and Barger.

---

[4] As of the filing of this Complaint, there is no "current appeal" of the jury's verdict in *Steven B. Barger v. First Data Corporation.*, 1:17-cv-04869-FB-LB.

4

19. Barger further demands that Plumeri preserve any and all "professional and personal communications" between him, his wife and children, and at least 38 individuals, lawyers, law firms, and companies, including Judge Frederic Block and Magistrate Judge Lois Bloom. *Id.* at 2-3.

20. Finally, the October 11, 2019 letter concludes:

> ***Anticipate litigation timely***, and please have your attorney contact me as soon as possible. Please let me know who will accept personal service for you.

*Id.* at 4 (emphasis added).[5]

### C. Barger's Second October 11, 2019 Letter to Plumeri

21. On October 18, 2019, Mr. Plumeri received a second letter from Barger dated October 11, 2019, in which Barger demanded $6.5 million to settle claims purportedly related to Mr. Plumeri's "misappropriation and use of Mr. Barger's intellectual and proprietary property."[6]

22. In the second October 11, 2019, letter, Barger alleges that his claims for intellectual property violations solely arise out of Mr. Plumeri's testimony as a witness at the Barger trial.

23. Barger writes in Ex. 3:

> During the course of litigation in *Barger v. First Data, et al (1:17-cv-04869)* you provided sworn statements that led to Mr. Barger's discovery that you have stolen and justly profited from unauthorized use of Barger's solely owned intellectual property.

---

[5] Barger also threatens litigation against Adam Rosman, KKR, and other entities and Barger's letter also instructs Plumeri on who his lawyers can and cannot be.

[6] A true and correct copy of the second October 11, 2019 letter from Barger to Plumeri received on October 18, 2019, is attached hereto as Exhibit 3.

24. Barger further writes in Ex. 3 that the only evidence he has to support his claims "to prove both liability and damages in his litigation against you, exists in the sworn testimony of a transcript in a federal trial."

## COUNT I
### (Declaratory Judgment)
### Barger's Threatened Claims are Barred by the Witness Privilege

25. Plumeri realleges and reincorporates Paragraphs 1 through 24 of this Complaint as though fully set forth herein.

26. On September 17, 2019, Barger called Plumeri as a witness to testify before the jury. Plumeri was questioned by Shearer, who is Barger's lawyer, authors of the October 11, 2019 letters, and the lawyer who subpoenaed him to testify.

27. On September 17, 2019, Plumeri testified as to matters that were material and pertinent to the issues in Barger's case.

28. By letter dated October 11, 2019, Barger advised Plumeri of his present intention to sue him in 2019 for the following, but not limited to, causes of action: fraud in the inducement, breach of contract, unjust enrichment, conversion, theft of intellectual property, defamation, slander, and unjust enrichment. Ex. 1.

29. In the second letter dated October 11, 2019 that was received on October 18, 2019, Barger advised Plumeri of his present intention to sue him for "misappropriation and use of Mr. Barger's intellectual and proprietary property." Ex. 3.

30. As set forth in the first October 11, 2019 letter, Barger admits that the sole basis for filing suit against Plumeri is due "to the content of your sworn testimony provided in the matter of *Barger v. First Data (EDNY 1:17-cv-04869-FB-LB)*," "your testimony," "your statements," and "due to the information you provided under oath." Ex. 1.

31. As set forth in the October 11, 2019 letter received on October 18, 2019, Barger admits that the sole basis for filing suit against Plumeri "exists in the sworn testimony of a transcript in a federal trial." Ex. 3.

32. As a witness in a judicial proceeding, Plumeri's testimony is shielded by the privilege accorded to witnesses and he is absolutely immune from liability for his testimony.

33. Plumeri disagrees with Barger's position regarding his liability for claims as alleged in Barger's letters to Plumeri, and thus there is an actual and justiciable controversy between the parties within the jurisdiction of this Court involving the rights and liabilities of the parties, which controversy may be determined by a judgment of this Court.

WHEREFORE, Plumeri respectfully requests a declaratory judgment barring Barger from suing Plumeri for fraud in the inducement, breach of contract, unjust enrichment, conversion, theft of intellectual property, defamation, slander, unjust enrichment, or any other claim arising from or relating to Plumeri's testimony in the matter of *Steven Barger v. First Data Corporation*, 1:17-cv-04869-FB-LB.

### COUNT II
### (Declaratory Judgment)
### Barger Has No Basis to Demand a Document Preservation

34. Plumeri realleges and reincorporates Paragraphs 1 through 33 of this Complaint as though fully set forth herein.

35. The October 11, 2019 letter demands that Plumeri take steps to preserve electronically stored information, documents, texts, phone records, and other forms of information in connection with Barger's alleged claims.

36. As set forth herein, Barger is not permitted to sue Plumeri for any of those alleged claims because they arise from his testimony and therefore Plumeri has no duty of preservation.

37. Plumeri disagrees with Barger's position regarding the duty to preserve as demanded in the October 11, 2019 letter, and thus there is an actual and justiciable controversy between the parties within the jurisdiction of this Court involving the rights and liabilities of the parties, which controversy may be determined by a judgment of this Court.

WHEREFORE, Plumeri respectfully requests a declaratory judgment that he has no duty to preserve any of the materials identified and listed by Barger in the October 11, 2019 letter.

### PRAYER FOR RELIEF

WHEREFORE, Plumeri prays for judgment against Barger on each of the Counts respectfully asserted in this Complaint, for attorneys' fees and costs incurred in this action, and for such other and further relief as this Court deems just, appropriate, and equitable.

Dated: October 18, 2019
Philadelphia, Pennsylvania

Respectfully submitted,

**SAUL EWING ARNSTEIN & LEHR LLP**

*/s/ Gillian A. Cooper*
Gillian A. Cooper
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102
(215) 972-7861
gillian.cooper@saul.com

Gary B. Eidelman (*pro hac vice* to be filed)
500 E Pratt Street
Baltimore, Maryland 21202
(410) 332-8975
gary.eidelman@saul.com

**New York Office**
1270 Avenue of the Americas, Suite 2005
New York, New York 10020

*Attorneys for Plaintiff Joseph J. Plumeri II*