UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH J. PLUMERI II, | Civil Case No.: 1:19-cv-05896-FB-RER |
| Plaintiff, | |
| v. | |
| STEVEN B. BARGER, | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

**SAUL EWING ARNSTEIN & LEHR LLP**

Gary B. Eidelman (admitted *pro hac vice*)
Michael P. Cianfichi (admitted *pro hac vice*)
500 E Pratt Street
Baltimore, Maryland 21202
(410) 332 8975
gary.eidelman@saul.com

Gillian A. Cooper
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102
(215) 972-7861
gillian.cooper@saul.com

New York Office
1270 Avenue of the Americas, Suite 2005
New York, New York 10020

36391845.2

Plaintiff Joseph J. Plumeri II, by and through his undersigned counsel, submits this Memorandum of Law in Support of Plaintiff's Motion for Default Judgment.

1. **FACTUAL AND PROCEDURAL BACKGROUND**

On September 17, 2019, Defendant Steven B, Barger called Plaintiff Joseph J. Plumeri II as a lay witness to testify in Barger's case-in-chief in in the matter of *Steven Barger v. First Data Corporation*, 1:17-cv-04869-FB-LB, United States District Court for the Eastern District of New York (Hon. Frederic Block) (the "Barger Trial"). Compl., ECF No. 1, ¶ 12. On September 24, 2019, the jury returned a verdict in favor of First Data on all counts and the case was dismissed with Barger recovering nothing. *Id.* ¶ 13.

After the trial, Barger (through his attorney) began sending Plumeri a series of threatening letters, in which he alleged that Plumeri's testimony in the Barger Trial somehow gave rise to legal claims that Barger could bring against Plumeri. *Id*. ¶ 14. For instance, the first letter dated October 11, 2019 stated:

> **Due to the content of your sworn testimony** provided in the matter of Barger v. First Data (EDNY 1:17-cv-04869-FB-LB) on Tuesday, September 18, 2019, Mr. Steven Barger is noticing you of his intent to bring claims against you personally, including (but not limited to) fraud in the inducement, breach of contract, unjust enrichment, conversion and theft of intellectual property.

*Id*.; Compl., ECF No. 1, Exhibit 1 at 1 (emphasis added).

Throughout the threatening letters, Barger reiterated that his claims against Plumeri arose out of his testimony:

> It is Mr. Barger's legal position that **your testimony** constitutes proof of fraud, and that you have admitted under oath to having deprived Mr. Barger of significant financial compensation. Further, **your statements** also rise to professional defamation, slander as well as proof of both your personal intent as well as actual theft of, and unjust enrichment from, Barger's intellectual property.

1

\* \* \*

> The purpose of this letter, is to inform you that **due to the information you provided under oath**, which is in direct conflict with information you provided Barger, you are now informed that you should anticipate litigation and are being placed under a formal legal hold.

*Id*. at 1-2 (emphasis added); Compl. ¶¶ 15-16.

In the same October 11 letter, Barger demanded that Plumeri implement a legal hold on "all communications, past or present, beginning in the year 1982" when Plumeri and Barger first met each other. Compl. ¶ 18. The legal hold included communications with at least 38 individuals, including listing Judge Block and Magistrate Judge Lois Bloom by name. *Id.* ¶ 19; Compl., Ex. 1, at 2.

The October 11 letter was replete with threats of an imminent lawsuit, with Barger warning "Barger will assert against you in the form of pleadings in federal court before the end of 2019" and that Plumeri should "anticipate litigation timely." Compl. Ex. 1, at 2, 4; Compl. ¶ 20.

Barger's threats to sue Plumeri for his testimony as a lay witness in trial continued in a second letter dated October 18, 2019. Compl., Ex. 3. In that letter, Barger demanded that Plumeri pay him $6.5 million in exchange for settling the purported claims that he again claims arose out from Plumeri's "sworn testimony of a transcript in a federal trial." Compl. ¶¶ 22-24; Compl., Ex. 3, at 3.

Given the existence of a case or controversy, Plumeri filed a Complaint for Declaratory Judgment on October 18, 2019, ECF No. 1. The Complaint seeks declaratory judgment on two counts: (i) that Barger's threatened claims including, but not limited to, fraud in the inducement, breach of contract, unjust enrichment, conversion, theft of intellectual property, defamation,

slander, unjust enrichment are barred by the witness privilege; and (ii) that Barger has no obligation to preserve any electronically stored information, documents, texts, phone records, and other forms of information as demanded by Defendant.

On October 22, 2019, Barger was served with a summons and the Complaint. ECF No. 7. On November 5, 2019, Barger acting *pro se* requested an extension of time to answer or otherwise respond to the Complaint until December 27, 2019. ECF No. 9. The Court granted that request. *See* Docket Entry dated November 6, 2019. After he failed to file a response by December 27, 2019, Plaintiff filed a Request for Certificate of Default on January 6, 2020. ECF No. 13. On January 13, 2020, the Court *sua sponte* issued an order granting Barger an additional extension of time until February 3, 2020 with the admonition that failure to respond would result in the Court entering default against him. *See* Docket Entry dated January 16, 2020. On February 4, 2020, with Plaintiff still having failed to file a response or otherwise answer the Complaint, Plaintiff renewed its application for an entry of default. ECF No. 14. On February 11, 2020, the Clerk issued a Certificate of Default against Defendant. ECF No. 15.

Plaintiff is entitled to a default judgment because Defendant's time to respond to the Complaint has expired and he failed to respond or otherwise appear. Plumeri also is entitled to judgment on Counts I and II and the Complaint in its entirety because the witness privilege doctrine precludes Barger from suing Plumeri for any trial testimony.

**2.     ARGUMENT**

    **A.     Legal Standard for Entry of a Default Judgment**

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process to obtain a default judgment. First, a plaintiff must request the clerk to enter the defendant's default. Fed. R. Civ. P. 55(a). Second, after default has been entered, and the defendant fails to appear or move to set aside the default, the Court can enter a default judgment. Fed. R. Civ. P. 55(b)(2).

"A defendant's default is an admission of all well-pleaded allegations in the complaint except those relating to damages." *Tudor Ins. Co. v. RAL Industrial, Inc.*, 2008 BL 78151 (E.D.N.Y. Apr. 08, 2008) (Block, J.) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Upon a motion for default judgment, the "district court must nevertheless determine whether the allegations state a claim upon which relief may be granted." *Tudor Ins. Co.*, 2008 BL 78151. A district court can enter a declaratory judgment in cases where the defendant fails to respond to the Complaint. *Id.*; *see also Trs. of the Local 7 Tile Industry Welfare Fund v. Caesar Max Const., Inc.*, 2019 WL 1129430 (E.D.N.Y. Mar. 12, 2019) (Block, J.). In this case, Plumeri seeks only a declaratory judgment with no claim for damages.

In exercising its discretion to grant a motion for default judgment, courts in the EDNY consider three guiding factors: "(1) whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Trs. of Local 7 Tile Indus. Welfare Fund v. Caesar Max Constr. Inc.*, 2019 BL 46327, 6 (E.D.N.Y. Feb. 11, 2019) (Bloom, M.J.), *report and recommendation adopted*, *Trs. of the Local 7 Tile Industry Welfare Fund v. Caesar Max Const., Inc.*, 2019 WL 1129430 (E.D.N.Y. Mar. 12, 2019) (Block, J.) (citing *United States v. Myers*, 236 F. Supp. 3d 702 , 706-07 (E.D.N.Y. 2017)).

**B.     The Three Factors Weigh In Plaintiff's Favor**

All three of the guiding factors used in this jurisdiction to analyze a motion for default judgment weigh in favor of granting the instant motion.

1.     <u>Willfulness</u>: When a defendant is properly served with a complaint and summons, his failure to respond is considered willful. *Trs. of Local 7*, 2019 BL 46327, 7-8. The

36391845.2

facts of this case take Barger's willful refusal to answer the Complaint one step further because he acknowledged his December 27, 2019, deadline in his own motion to the Court where he requested that date be the deadline for his response. ECF No. 9.

2. <u>Meritorious Defense</u>: Because a court is unable to determine whether a defendant has a meritorious defense where he fails to respond to the complaint, it analyzes the complaint "to determine whether the unchallenged facts constitute a legitimate cause of action." *Trs. of Local 7*, 2019 BL 46327 at 8 (quoting *Rolls-Royce plc v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010)). The doctrine of absolute witness privilege in New York provides Plumeri a legitimate cause of action on which to seek a declaratory judgment that Barger cannot sue him or impose a legal hold for claims that arise out of his testimony as a witness at the Barger Trial.

"Statements uttered in the course of a judicial or quasi-judicial proceeding are absolutely privileged so long as they are material and pertinent to the questions involved notwithstanding the motive with which they are made." *Weitz v. Wagner*, 2008 BL 168930, 7 (E.D.N.Y. July 24, 2008); *see also Toaspern v. Laduca Law Firm LLP*, 154 A.D.3d 1149, 1150 (App Div, 3d Dept 2017) ("A 'witness at a judicial or quasi-judicial proceeding enjoys an absolute privilege with respect to his or her testimony,' as long as the statements made are material to the issues to be resolved therein."). Courts apply an "extremely liberal standard in determining whether a statement is 'at all pertinent to the litigation.'" *Jones v. SmithKlineBeecham*, 2007 BL 87965, 5 (N.D.N.Y. Aug. 14, 2007). The intent of this broad privilege is so that one is able to "speak with the free and open mind which the administration of justice demands." *Mosesson v. Jacob D. Fuchsberg Law Firm*, 257 A.D.2d 381, 382 (App Div, 1st Dept 1999). The purpose of the privilege is also to further the "truth-seeking process at trial and encourage cooperation of

witnesses . . . . with knowledge that they will be insulated from the harassment and financial hazard of subsequent litigation." *Toaspern*, 154 A.D.3d at 1150.

Although not the case here, the absolute witness privilege is so strong that "New York recognizes no right of action by a plaintiff for damages against one who has caused the plaintiff to lose his or her case by means of perjured testimony." *Corley v. Jahr*, 2014 WL 772253, at *10 (S.D.N.Y. Feb. 10, 2014). Even if a party were to allege that a witness's statements were caused by "actual malice," he still could have no claim. *Id.*

The witness privilege extends to any claim that allegedly arises from a witness's testimony at trial. *See, e.g., Retina Assocs. of Long Island, P.C. v. Rosberger*, 299 A.D.2d 533, 533, 751 N.Y.S.2d 50, 52 (2002) (applying witness privilege to a fraud claim); *Wexler v. Allegion (UK) Ltd.*, 374 F. Supp. 3d 302, 314, 2019 BL 93034, 9 (S.D.N.Y. 2019) (applying the witness privilege to a breach of contract claim); *Corley*, 2014 BL 439075 at 13 (applying the witness privilege to claim for tortious interference); *Geer v. Gates Chili Cent. Sch. Dist.*, 321 F. Supp. 3d 417, 423-425 (W.D.N.Y. 2018), *aff'd* 768 F. App'x 55 (2d Cir. 2019) (applying the witness privilege to claims of intentional infliction of emotional distress and fraud).

In the October 2019 letter, Barger alleged that his claims against Plumeri were "due to the content of your sworn testimony" and "due to the information you provided under oath." Compl. ¶¶ 14, 16. Barger claimed that Plumeri's testimony gave rise to causes of action including for fraud, breach of contract, unjust enrichment, conversion of intellectual property, defamation, and slander. *Id.* ¶¶ 14-15. Although Barger failed to identify any testimony to support these alleged claims, all of Plumeri's trial testimony in the Barger Trial was provided as

6

a witness on September 17, 2019. *Id*. ¶ 12.[1] The absolute witness privilege applies and Barger is precluded from suing Plumeri for any claims arising from or relating to his testimony as a witness at the Barger Trial. By failing to respond to the Complaint, Plumeri's allegations are deemed unchallenged and admitted by Barger. Based on the uncontroverted facts in the Complaint, Plumeri is entitled to default judgment in his favor on both counts of the Complaint.

3. <u>Prejudice</u>: The final factor analyzes whether Plumeri would suffer prejudice as a result of the denial of this motion. Courts will find prejudice against the movant where "there are no additional steps available to secure relief in this Court." *Northwell Health, Inc. v. Northwell Staffing Agency, LLC*, 2018 WL 1525803 , at *9 (E.D.N.Y. Mar. 1, 2018). The prejudice Plumeri would suffer if the Court denies this motion is significant because he has no other recourse to prevent Barger's continued harassment and attacks against the sanctity of a witness's testimony in court.

A recap of the history demonstrates that it would be prejudicial to deny Plumeri's motion. Barger called Plumeri as his witness and after the trial concluded with a jury verdict in First Data's favor, Barger began to harass Plumeri for his testimony as a witness and demand millions of dollars in alleged damages somehow because of that testimony. Barger's harassment of Plumeri continued after Barger had already filed a Rule 59 motion for a new trial, placing Plumeri in the position of having to potentially testify again in a new trial under Barger's barrage of threats to sue him for millions of dollars for the same testimony he would have to give at that possible new trial.

---

[1] Notwithstanding Barger's claims, nothing in Plumeri's testimony discussed any subject matter that would give rise to any of the alleged claims, further demonstrating the frivolous and punitive nature of Barger's threats against Plumeri who he called as his witness.

Barger's brazen attacks on a witness demonstrates his indifference to the integrity of this Court and its proceedings and the laws of New York. The prejudice that Plumeri would face if the Court denies this motion is striking. A case or controversy existed at the time of the filing of the Complaint for Declaratory Judgment. Plumeri should be relieved of a having to worry if he will be sued in some jurisdiction on claims that are barred as a matter of law. Plumeri will be prejudiced if the Court does not rule in his favor.

In addition to the prejudice that Plumeri would suffer if this motion is denied, the concerns that might lead a court to deny a motion for default judgment are not present in this case. This Court has stated that "the more money involved, the less justification for entering the default judgment." *Liberty Mutual Ins. Co. v. Fast Lane Car Serv.*, Inc., 681 F. Supp. 2d 340, 346 (E.D.N.Y. 2010) (Report and Recommendation adopted by J. Block). Here, Plumeri seeks no monetary damages and solely a declaratory judgment, negating money as a factor that could tilt against default judgment.

Moreover, there are not material issues of fact present in this case. Barger's letters to Plumeri assert that his claims arise solely from Plumeri's testimony. There are no material facts that need be accounted for outside of Barger's own words. By failing to file any answer or response to the Complaint, no dispute of material fact has been created.

Lastly, this Court has cautioned to look at "how harsh an effect a default judgment might have on the defendant." *Id.* Here, because Plumeri seeks a declaratory judgment, the only effect entering a default judgment would have is to preserve the status quo. Barger would be precluded from pursuing his threatened claims that are unlawful to bring against Plumeri in the first place. Forcing Barger to abide by the laws of New York and cease threatening a witness in an active case would not create a harsh result; rather, a just result.

8

3.  **CONCLUSION**

For the foregoing reasons, Plaintiff Joseph J. Plumeri II respectfully requests that this Court grant his Motion for Default Judgment and enter declaratory judgment against Defendant Steven B. Barger that he is precluded from suing Plumeri for claims arising from or relating to Plumeri's trial testimony in the Barger Trial, including but not limited to, fraud in the inducement, breach of contract, unjust enrichment, conversion, theft of intellectual property, defamation, slander, unjust enrichment, or any other claim arising from or relating to Plumeri's testimony in the Barger Trial and that Plumeri is not obligated to preserve any electronically stored information, documents, texts, phone records, materials or other forms of information as identified in the October 11, 2019 letter annexed to the Complaint as Exhibit 1.

Dated: February 12, 2020

                                                Respectfully submitted,

                                                **SAUL EWING ARNSTEIN & LEHR LLP**

                                                */s/ Gary B. Eidelman*
                                                Gillian A. Cooper
                                                Centre Square West
                                                1500 Market Street, 38th Floor
                                                Philadelphia, Pennsylvania 19102
                                                (215) 972-7861
                                                gillian.cooper@saul.com

                                                **New York Office**
                                                1270 Avenue of the Americas, Suite 2005
                                                New York, New York 10020

                                                Gary B. Eidelman (admitted *pro hac vice*)
                                                Michael P. Cianfichi (admitted *pro hac vice*)
                                                500 E Pratt Street
                                                Baltimore, Maryland 21202
                                                (410) 332-8975
                                                gary.eidelman@saul.com

                                                *Counsel for Plaintiff Joseph J. Plumeri II*

36391845.2