## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH J. PLUMERI II, | Civil Case No.: 1:19-cv-05896-FB-RER |
| Plaintiff, | |
| v. | **AFFIDAVIT OF GARY B. EIDELMAN IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT** |
| STEVEN B. BARGER, | |
| Defendant. | |

GARY B. EIDELMAN, an attorney duly admitted *pro hac vice* to practice in this Court, affirms under penalty of perjury pursuant to 28 U.S.C. § 1746, the following:

1.      I am a partner in the law firm of Saul Ewing Arnstein & Lehr LLP. The Firm represents Plaintiff Joseph J. Plumeri II in the above-captioned action. I submit this Affidavit in support of Plaintiff's application pursuant to Fed. R. Civ. P. 55(a) and Local Civil Rule 55.1 of the Rules of the United States District Courts for the Southern and Eastern Districts of New York, for a Certificate of Default against Defendant Steven B. Barger ("Barger") for failure to appear or otherwise defend this action.

2.      Plaintiff commenced this case by filing his Complaint for Declaratory Judgment ("Complaint") on October 18, 2019. (ECF No. 1). A true and correct copy of the Complaint (and associated documents) is attached as Exhibit A. The action was commenced under 28 U.S.C. § 2201 seeking a declaratory judgment that Barger's threatened claims against Plaintiff are barred by the witness privilege and that he has no basis to demand document preservation.

3.      A summons and copy of the Complaint were properly served upon Barger on October 22, 2019. True and correct copies of the summons and affidavit of service are attached

as Exhibit B. (ECF No. 7). Barger's response to the Complaint was due on or before November 12, 2019.

4.      On November 5, 2019, Barger moved for an extension of time to respond to the Complaint. The Court granted the motion, providing Barger until December 27, 2019, to respond to the Complaint. ECF No. 9.

5.      On January 6, 2020, Plaintiff applied for an entry of default against Barger because of his failure to answer or otherwise respond to the Complaint. ECF No. 13.

6.      On January 13, 2020, the Court issued an electronic order sua sponte granting Barger an additional 21 days to file an answer, requiring his response to be filed on or before February 3, 2020.

7.      Barger did not answer or otherwise respond to the Complaint by February 3, 2020.

8.      Plaintiff renewed its application for entry of default on February 4, 2020. ECF No. 14.

9.      The Clerk of the Court then noted Defendant's default on February 11, 2020. ECF No. 15. A copy of the Clerk's Certificate of Default is attached hereto as Exhibit C.

10.      Barger's last known address, where service of the Complaint was made, is 1020 Linkside Drive, Birmingham, Alabama 35242.

11.      Upon information and belief, Barger is not an infant, not in the military, and not an incompetent person.

12.      As set forth more fully in the accompanying Memorandum of Law in Support of Motion for Default Judgment, Plaintiff's uncontested allegations provide the required support for a default judgment.

13.     Because no monetary damages are being sought, no inquest is necessary for the Court to evaluate the proper measure of damages.

14.     On February 12, 2020, the following documents were sent via U.S.P.S. Certified Mail, to Barger at his last known address: (1) Notice of Motion for Default Judgment, (2) Memorandum of Law in Support of Motion for Default Judgment, (3) Affidavit of Gary B. Eidelman in Support of Motion for Default Judgment with attached exhibits, and (4) Proposed Order for Default Judgment. Letter to Barger dated February 12, 2020, attached as Exhibit D.

15.     For the above reasons and in the accompanying affidavits and exhibits, Plaintiff's Motion for Default Judgment should be granted.

16.     I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 12, 2020

Gary B. Eidelman

SWORN TO AND SUBSCRIBED BEFORE ME,

This 12th day of February , 2020



expires 12-20-2022

-3-

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
JOSEPH J. PLUMERI II,

                Plaintiff,                        Civil Case No.

    -against-                          **COMPLAINT FOR
                                            DECLARATORY JUDGMENT**

STEVEN B. BARGER,

                Defendant.
------------------------------------------------------X

        Plaintiff, Joseph J. Plumeri II, for his Complaint for Declaratory Judgment against

Defendant, Steven B. Barger, states as follows:

### NATURE OF THE ACTION

        1.      This action is brought by Plumeri seeking a declaration that Barger has no legal

right to sue him for claims allegedly arising out of Plumeri's testimony in *Steven Barger v. First*

*Data Corporation*, 1:17-cv-04869-FB-LB, United States District Court for the Eastern District of

New York, the Honorable Frederic Block presiding. In that case, Barger called Plumeri to testify

in his case-in-chief as the first witness. The jury returned a verdict in favor of First Data

Corporation on September 24, 2019.

        2.      By letters dated October 11, 2019, Barger, through his counsel, Shawn Shearer,

Esq., has sent harassing, threatening, bullying, and hostile letters to Plumeri and others, putting

Plumeri on notice that Barger intends to imminently sue him because of Plumeri's testimony at

the First Data trial. By this Complaint for Declaratory Judgment, Plumeri respectfully requests

that the Court enter judgment and declare that Barger is prohibited from filing any claims against

Plumeri arising from his testimony because Plumeri is absolutely immune from any such claims

by virtue of the "witness privilege."[1] Barger should also be required to pay Plumeri's attorneys' fees and costs associated with the filing of this Complaint.

**PARTIES**

3.      Plumeri is a citizen of the State of New York, and resides in Southampton, Suffolk County, New York.

4.      Barger is a citizen of the State of Alabama, and resides in Birmingham, Jefferson County, Alabama. Barger is the plaintiff in *Steven B. Barger v. First Data Corporation*, 1:17-cv-04869-FB-LB.

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction under 28 U.S.C. § 1332(a)(l) because this is an action between citizens of different states and the amount in controversy exceeds $75,000. In addition, this Court has jurisdiction under 28 U.S.C. § 2201 because an actual controversy exists between the parties.

6.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district, and pursuant to 28 U.S.C. § 1391(b)(3) because Barger is subject to personal jurisdiction in this district.

**FACTS**

**A.      Plumeri's Testimony in the Barger Case**

7.      In 2014, Plumeri worked for First Data Corporation as a Senior Advisor to the CEO. On behalf of First Data, Plumeri hired Barger as a consultant, and later as an employee, beginning in March 2014.

---

[1] Plumeri denies that any of the alleged claims identified in Shearer's letter to him dated October 11, 2019, have any merit or basis in fact or law. A true and correct copy of that letter is attached as <u>Exhibit 1</u>.

8.      First Data terminated Barger's employment effective February 2017.

9.      Barger then sued First Data and six First Data employees under the Family and Medical Leave Act and the Americans with Disabilities Act. That case was docketed as *Steven Barger v. First Data Corporation, et al.,* 1:17-cv-04869-FB-LB.[2]

10.     Barger did not depose Plumeri during discovery of that case.

11.     On September 11, 2019, Barger's counsel served a subpoena compelling Plumeri to appear and testify on September 17, 2019, at the jury trial in his case. A true and correct copy of the Plumeri subpoena is attached as Exhibit 2.

12.     On September 17, 2019, Barger called, and Plumeri appeared and testified as a lay witness during Barger's case-in-chief.

13.     On September 24, 2019, the jury returned a verdict in favor of Defendant First Data Corporation on all counts, and the case was dismissed with Barger recovering nothing.

**B.      Barger's First October 11, 2019 Letter to Plumeri**

14.     On October 11, 2019, Barger's attorney Shearer sent a letter on his client's behalf to Plumeri c/o Kohlberg, Kravis and Roberts. *See* Ex. 1. For purposes of this Complaint for Declaratory Judgement, that letter states in pertinent part:

> ***Due to the content of your sworn testimony*** provided in the matter of *Barger v. First Data (EDNY 1:17-cv-04869-FB-LB)* on Tuesday, September 18, 2019,[3] Mr. Steven Barger is noticing you of his intent to bring claims against you personally, including (but not limited to) fraud in the inducement, breach of contract, unjust enrichment, conversion and theft of intellectual property.

Ex. 1 at 1 (emphasis added).

15.     Barger's October 11, 2019 letter to Plumeri continued:

---

[2] During the course of discovery and during trial, Barger dismissed all of individual defendants from the case.

[3] The record in the *Barger* case reflects that Plumeri testified on September 17th, not the 18th.

> It is Mr. Barger's legal position that **your testimony** constitutes proof of fraud, and that you have admitted under oath to having deprived Mr. Barger of significant financial compensation. Further, **your statements** also rise to professional defamation, slander as well as proof of both your personal intent as well as actual theft of, and unjust enrichment from, Barger's intellectual property.

*Id.* (emphasis added).

16.     The purpose of and basis for Barger's October 11, 2019 letter threatening litigation is clear on its face:

> The purpose of this letter, is to inform you that **due to the information you provided under oath**, which is in direct conflict with information you provided Barger, you are now informed that you should anticipate litigation and are being placed under a formal legal hold.

*Id.* at 2 (emphasis added).

17.     The October 11, 2019 letter then went on to threaten Plumeri and others:

> Any attempt by you, Mr. Adam Rosman, or any other party through Gary Eidelman, Mr. Louis DiLorenzo or any other lawyer, to interfere in Barger's current appeal against Fiserv due to your personal liability to Barger will not be tolerated.[4]

> \*     \*     \*

> These lies, admissions and statements meet the standard of the claims that Barger will assert against you in the form of pleadings in federal court before the end of 2019.

*Id.*

18.     The October 11, 2019 letter also demands that Plumeri preserve a slew of electronically stored information, documents, text messages, phone records, information, etc. dating back to 1982, including any and all correspondence between Plumeri and Barger.

---

[4] As of the filing of this Complaint, there is no "current appeal" of the jury's verdict in *Steven B. Barger v. First Data Corporation.*, 1:17-cv-04869-FB-LB.

19.     Barger further demands that Plumeri preserve any and all "professional and personal communications" between him, his wife and children, and at least 38 individuals, lawyers, law firms, and companies, including Judge Frederic Block and Magistrate Judge Lois Bloom. *Id.* at 2-3.

20.     Finally, the October 11, 2019 letter concludes:

> ***Anticipate litigation timely***, and please have your attorney contact me as soon as possible. Please let me know who will accept personal service for you.

*Id.* at 4 (emphasis added).[5]

## C.     Barger's Second October 11, 2019 Letter to Plumeri

21.     On October 18, 2019, Mr. Plumeri received a second letter from Barger dated October 11, 2019, in which Barger demanded $6.5 million to settle claims purportedly related to Mr. Plumeri's "misappropriation and use of Mr. Barger's intellectual and proprietary property."[6]

22.     In the second October 11, 2019, letter, Barger alleges that his claims for intellectual property violations solely arise out of Mr. Plumeri's testimony as a witness at the Barger trial.

23.     Barger writes in Ex. 3:

> During the course of litigation in *Barger v. First Data, et al (1:17-cv-04869)* you provided sworn statements that led to Mr. Barger's discovery that you have stolen and justly profited from unauthorized use of Barger's solely owned intellectual property.

---

[5] Barger also threatens litigation against Adam Rosman, KKR, and other entities and Barger's letter also instructs Plumeri on who his lawyers can and cannot be.

[6] A true and correct copy of the second October 11, 2019 letter from Barger to Plumeri received on October 18, 2019, is attached hereto as Exhibit 3.

24.     Barger further writes in Ex. 3 that the only evidence he has to support his claims "to prove both liability and damages in his litigation against you, exists in the sworn testimony of a transcript in a federal trial."

### COUNT I
### (Declaratory Judgment)
### Barger's Threatened Claims are Barred by the Witness Privilege

25.     Plumeri realleges and reincorporates Paragraphs 1 through 24 of this Complaint as though fully set forth herein.

26.     On September 17, 2019, Barger called Plumeri as a witness to testify before the jury. Plumeri was questioned by Shearer, who is Barger's lawyer, authors of the October 11, 2019 letters, and the lawyer who subpoenaed him to testify.

27.     On September 17, 2019, Plumeri testified as to matters that were material and pertinent to the issues in Barger's case.

28.     By letter dated October 11, 2019, Barger advised Plumeri of his present intention to sue him in 2019 for the following, but not limited to, causes of action: fraud in the inducement, breach of contract, unjust enrichment, conversion, theft of intellectual property, defamation, slander, and unjust enrichment. Ex. 1.

29.     In the second letter dated October 11, 2019 that was received on October 18, 2019, Barger advised Plumeri of his present intention to sue him for "misappropriation and use of Mr. Barger's intellectual and proprietary property." Ex. 3.

30.     As set forth in the first October 11, 2019 letter, Barger admits that the sole basis for filing suit against Plumeri is due "to the content of your sworn testimony provided in the matter of *Barger v. First Data (EDNY 1:17-cv-04869-FB-LB)*," "your testimony," "your statements," and "due to the information you provided under oath." Ex. 1.

31.      As set forth in the October 11, 2019 letter received on October 18, 2019, Barger admits that the sole basis for filing suit against Plumeri "exists in the sworn testimony of a transcript in a federal trial." <u>Ex. 3</u>.

32.      As a witness in a judicial proceeding, Plumeri's testimony is shielded by the privilege accorded to witnesses and he is absolutely immune from liability for his testimony.

33.      Plumeri disagrees with Barger's position regarding his liability for claims as alleged in Barger's letters to Plumeri, and thus there is an actual and justiciable controversy between the parties within the jurisdiction of this Court involving the rights and liabilities of the parties, which controversy may be determined by a judgment of this Court.

WHEREFORE, Plumeri respectfully requests a declaratory judgment barring Barger from suing Plumeri for fraud in the inducement, breach of contract, unjust enrichment, conversion, theft of intellectual property, defamation, slander, unjust enrichment, or any other claim arising from or relating to Plumeri's testimony in the matter of *Steven Barger v. First Data Corporation*, 1:17-cv-04869-FB-LB.

### COUNT II
### (Declaratory Judgment)
### Barger Has No Basis to Demand a Document Preservation

34.      Plumeri realleges and reincorporates Paragraphs 1 through 33 of this Complaint as though fully set forth herein.

35.      The October 11, 2019 letter demands that Plumeri take steps to preserve electronically stored information, documents, texts, phone records, and other forms of information in connection with Barger's alleged claims.

36.      As set forth herein, Barger is not permitted to sue Plumeri for any of those alleged claims because they arise from his testimony and therefore Plumeri has no duty of preservation.

37.     Plumeri disagrees with Barger's position regarding the duty to preserve as demanded in the October 11, 2019 letter, and thus there is an actual and justiciable controversy between the parties within the jurisdiction of this Court involving the rights and liabilities of the parties, which controversy may be determined by a judgment of this Court.

WHEREFORE, Plumeri respectfully requests a declaratory judgment that he has no duty to preserve any of the materials identified and listed by Barger in the October 11, 2019 letter.

## PRAYER FOR RELIEF

WHEREFORE, Plumeri prays for judgment against Barger on each of the Counts respectfully asserted in this Complaint, for attorneys' fees and costs incurred in this action, and for such other and further relief as this Court deems just, appropriate, and equitable.

Dated: October 18, 2019
          Philadelphia, Pennsylvania

Respectfully submitted,

**SAUL EWING ARNSTEIN & LEHR LLP**

*/s/ Gillian A. Cooper*
Gillian A. Cooper
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102
(215) 972-7861
gillian.cooper@saul.com

Gary B. Eidelman (*pro hac vice* to be filed)
500 E Pratt Street
Baltimore, Maryland 21202
(410) 332-8975
gary.eidelman@saul.com

**New York Office**
1270 Avenue of the Americas, Suite 2005
New York, New York 10020

*Attorneys for Plaintiff Joseph J. Plumeri II*

8

# EXHIBIT 1

# THE LAW OFFICE OF SHAWN SHEARER, P.C.

3839 McKINNEY AVENUE, SUITE 155-254
DALLAS, TEXAS 75204
OFFICE: (972) 803-4499
shawn@shearerlaw.pro

October 11, 2019

**VIA ELECTRONIC AND CERTIFIED MAIL**

Mr. Joseph J. Plumeri, II
Senior Advisor
Kohlberg, Kravis and Roberts
9 West 57th Street
New York, New York  10019

Mr. Plumeri:

Due to the content of your sworn testimony provided in the matter of *Barger v. First Data (EDNY 1:17-cv-04869-FB-LB)* on Tuesday, September 18, 2019, Mr. Steven Barger is noticing you of his intent to bring claims against you personally, including (but not limited to) fraud in the inducement, breach of contract, unjust enrichment, conversion and theft of intellectual property. While it is true that your testimony took place during in court during *Barger v. First Data,* Mr. Barger's claims against you are not a result of his distinct and separate FMLA and ADA claims as asserted against Mr. Frank Bisignano, Mr. Dan Charron, Mr. Anthony Marino, Ms. Rhonda Johnson, and First Data (now Fiserv.) Mr. Barger's claims against you are not claims related to wrongful termination. Those claims were never asserted against you, Mr. Henry Kravis, Kohlberg, Kravis and Roberts, Mr. George Roberts, Hachette/ DeCapo Lifelong Books or the Harry Walker Agency.

Your sworn testimony in *Barger v. First Data* is in direct conflict with dated publications, documents signed by you, video/audio recordings and other tangible items including statements from other relevant parties. The items in question are in Mr. Barger's possession. Your sworn testimony of September 18, 2019 was provided freely and without duress. It is Mr. Barger's legal position that your testimony constitutes proof of fraud, and that you have admitted under oath to having deprived Mr. Barger of significant financial compensation. Further, your statements also rise to professional defamation, slander as well as proof of both your personal intent as well as actual theft of, and unjust enrichment from, Barger's intellectual property. Please be aware that the only circumstances under which testimony that is given in court may be exempt from claims of defamation, is if such testimony is truthful. The testimony in question is not truthful.

**THE LAW OFFICE OF SHAWN SHEARER, P.C.**

The purpose of this letter, is to inform you that due to the information you provided under oath, which is in direct conflict with information you provided Barger, you are now informed that you should anticipate litigation and are being placed under a formal legal hold.

None of Mr. Barger's claims against you are wrongful termination claims. Any attempt by you, Mr. Adam Rosman, or any other party through Gary Eidelman, Mr. Louis DiLorenzo or any other lawyer, to interfere in Barger's current appeal against Fiserv due to your personal liability to Barger will not be tolerated. Barger's claim against you is a direct result of untruthful testimony that you willingly provided, and claims that arise from your sworn statements as well as other statements asserted by defendants and their counsel in Barger's case as truth involving your bad acts against Barger during the September 2019 trial. These lies, admissions and statements meet the standard of the claims that Barger will assert against you in the form of pleadings in federal court before the end of 2019. That you chose the forum of Barger's wrongful termination claim against Fiserv to present proof of your own bad acts against Barger, was your choice alone, and has no bearing on Barger's claims against Fiserv, et al.

Please be assured, that Mr. Barger has correspondence, writings, messages, recordings and all other relevant communications between the two of you dating back to 1982. While all of this will not be relevant, much of it will be relevant, and you are now being officially notified that due to your willfully conflicting testimony during *Barger v. Data*, Barger has legitimate claims to bring against you and your current employer, Kohlberg, Kravis and Roberts, Hachette, DeCapo Books, and the Harry Walker Agency.

You are being instructed to place an immediate formal legal hold on all communications, past or present, beginning in the year 1982, including metadata that originated from, or was received by, any and all phones and devices including but limited to: work phone(s), home phone(s), cell phone(s) (including any "burner" phones you have in your possession and control), public phones, the phones of your family members, the phones and devices of Susan Plumeri, your work computer(s), home computer(s), any iPads, Blackberries, iPhones, tablets, smart phones, Alexa, Google Home, handheld devices, car phones, pagers, laptops, handwritten notes, publications, notes from which you work when you write, video recordings, audio recordings, ghost writings and all notes and writings related to the published work "The Power of Being Yourself", DeCapo Lifelong Books, contracts surrounding the ghost writing and writing of the aforementioned book, letters, both hand written and typed, all social media chats, instant messages, message boards including but not limited to Facebook, LinkedIn, Snapchat, Grindr, Instagram, match.com, EHarmony, internal communications in all forms and all other forms of communication not expressly described. This hold includes all written and/or otherwise recorded contracts of ANY KIND that exist(ed) between you and Mr. Steven B. Barger under any circumstances. This hold includes, but is not limited to professional and personal communications of any kind that exist between you and:

Mr. Steven B. Barger
Mr. Paul Dunlap
Mr. Sanford I. Weill
Mr. Peter Cohen
Mr. James Robinson III
Mr. James Dimon
Mr. Hardwick Simmons
Ms. Jessica Weill Bibliowitz
Mrs. Nancy Plumeri
Mr. Christoper Plumeri
Ms. Leslie Plumeri
Mr. Jay Plumeri
Mrs. Susan Plumeri
Mr. Grant Barger
Mr. Henry Kravis
Mr. George Roberts
Mr. Peter Theil
Mr. Adam Rosman
Ms. Elizabeth Fissler-Rosman
Mr. Dominic Caesserely
Ms. Alexandra Lebenthal
Mr. Guy Chiarello
Mr. Joshua King
Ms. Karen Whalen
Mr. Gary Eidelman and all staff , associates and employees  named or unnamed
Ms. Gillian Cooper and all staff, associates and employees named or unnamed
Ms. Lindsey Kennedy and all staff, associates and employees named or unnamed
Mr. Michael Cianfinchi and all staff, associates and employees named or unnamed
Mr. Louis P. Di Lorenzo and all staff, associates and employees named or unnamed
The Honorable Judge Frederic Block and all employees and staff named or unnamed
The Honorable Magistrate Judge Lois Bloom and all employees and staff named or unnamed
DeCapo Lifelong Books and all affiliated associates and employees, named or unnamed
Hachette Books
Mr. Michael Pietch
Ms. Carol Ross
Netflix
Mr. Reed Hastings
Harry Walker Agency and all affiliated associates and employees named or unnamed

Mrs. Marilyn Barger is not a party to this litigation, and has her own representation. If you wish to reach Mrs. Barger's attorney at any time, his name is Mr. Theodore Sporer, Esq. and may be contacted at the address and phone number provided below. Mr. Sporer will not be privy to any details about Mr. Steven Barger's claims against you and Kohlberg, Kravis, Roberts.

**THE LAW OFFICE OF SHAWN SHEARER, P.C.**

Mr. Sporer will be prepared to discuss Mrs. Barger's potential claims against you, should you have need to involve Mrs. Marilyn Barger in matters between you and Mr. Steven Barger. At this time, Mr. Sporer has indicated that Mrs. Marilyn Barger has no intent to bring any claims against you, Susan Plumeri, Kohlberg, Kravis, Roberts, Da Capo Lifelong Books, or The Harry Walker Agency, nor does she have any information to offer in this matter.

Mrs. Marilyn Barger's attorney, if needed can be reached as follows:
Mr. Theodore F. Sporer, Esq.
108 3rd Street
Des Moines, Iowa 50309
(515) 989-6080

Mr. Steven Barger will not be discussing this matter with any of the above named parties including Mr. Grant Barger. Mr. Steven Barger's claims will be stated only in the appropriate legal forum, and Barger will make no effort to obtain information from, nor defame you to, the persons with whom you are commanded to hold your communications. The parties named herein, with the exception of Mr. Adam Rosman, who has received formal notice, are under no formal obligation to hold their communications with you at this time, but you are commanded to hold your communications with them. Should the appropriate time arise, the parties named herein will be notified of their legal hold obligations independent of this notification.

Please understand that this hold includes communications going forward with these parties, as well. Any attempt by you to instruct any party to alter or destroy the communications named herein is not permitted.Please understand that communications between you and Mr. Adam Rosman will be subject to provision of a "privilege log" that the judge assigned to Barger's case can determine the extent to which privilege will attach. Rosman is not your private attorney, and cannot be, in matters related to Mr. Barger.

Anticipate litigation timely, and please have your attorney contact me as soon as possible. Please let me know who will accept personal service for you. I will notice Kohlberg, Kravis and Roberts, Hachette and The Harry Walker Agency myself to determine who will accept service for those entities.

Very truly yours,

**THE LAW OFFICE OF SHAWN SHEARER, P.C.**

# EXHIBIT 2

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | | |
|---|---|---|
| Steven B. Barger | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:17-cv-04869 |
| First Data Corporation, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Joseph Plumeri

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: 225 Cadman Plaza E<br>Brooklyn, NY 11201 | Courtroom No.: Hon. Frederic Block |
|---|---|
| | Date and Time: 09/17/2019 10:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/11/2019

*CLERK OF COURT*

OR

_____          /s/ Shawn Shearer
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Steve Barger
_____ , who issues or requests this subpoena, are:

Shawn Shearer, 3839 McKinney Ave. #155-254, Dallas, TX 75204, shawn@shearerlaw.pro, (972)-803-4499

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 1:17-cv-04869

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit 3

# THE LAW OFFICE OF SHAWN SHEARER, P.C.

3839 McKINNEY AVENUE, SUITE 155-254
DALLAS, TEXAS 75204
OFFICE: (972) 803-4499
shawn@shearerlaw.pro

October 11, 2019

**VIA FEDERAL EXPRESS**

Mr. Joseph J. Plumeri II
150 Bradley Place
Palm Beach, Florida 33480

Kohlberg, Kravis and Roberts
9 West 57th Street Suite #4200
New York, New York 10019

Mr. Plumeri:

I represent Steven B. Barger.

**Demand is hereby made for the payment of $6.5 million to Mr. Steven Barger to settle all of Mr. Barger's claims against you, personally, arising out of, or related to, your misappropriation and use of Mr. Barger's intellectual and proprietary property.**

In exchange for your payment, Mr. Barger will release all claims against you arising out of the infringement and misappropriation of his property, and provide you a fully-paid, non-exclusive, license to his intellectual property in your possession created prior to the date of a signed agreement containing finally agreed terms.

During the course of litigation in *Barger v. First Data, et al (1:17-cv-04869)* you provided sworn statements that led to Mr. Barger's discovery that you have stolen and unjustly profited from unauthorized use of Barger's solely owned intellectual property.

Mr. Barger was earning roughly $2 million dollars a year in 1999 when you and Mr. Sanford I. Weill employed him CITI. Barger himself said you offered him at least that much in total compensation to come to Willis - an offer that Barger turned down, and in doing so, declined to allow you any use of Barger's intellectual property during your tenure there.

Mr. Louis DiLorenzo, Fiserv's defense counsel - freshly minted with an appearance exactly 61days prior to trial - was well aware that you had requested that Barger accompany you to Willis in 2000. This fact is not in dispute, and has been testified to on the record in *Barger v. First Data, et al.* DiLorenzo made it clear that Barger had spurned your request for Barger's continued input. DiLorenzo's entire closing statement consisted of referring to you as "The Godfather" in front of Barger's jury, followed by counsel's mocking cancer survivor Barger and his work performance, all the while bragging that you had been successful for thirteen years without Barger's work or assistance.

**THE LAW OFFICE OF SHAWN SHEARER, P.C.**

DiLorenzo got it half right. You *had* been successful over the thirteen years you were at Willis. Your success is not relevant for Barger's FMLA/ADA claim that is currently awaiting appeal in the Second Circuit. However, Mr. DiLorenzo's portrayal of your success on the record in *Barger v. First Data, et al* is *highly* relevant to Mr. Barger's now impending claims against you, personally. Claims that arise due to the fact that you had, unbeknownst to my client until September 2019, both used and relied on Barger's work while you were at Willis Tower Watson.

Barger has only now discovered that over a 13 year period, (at the minimum) you misappropriated and financially benefited from intellectual property and proprietary rights, including without limitation: copyrighted materials, trademarks, trade names, slogans, trade secrets and confidential information (including know-how, techniques, and business processes, preparation, educational, training, writing, presentation, solicitation, motivation, etc.) formulas, compositions, production processes and techniques, designs, concepts, drawings, presentation designs and slides, compilations of materials, customer and supplier lists, business plans, marketing plans, presentation materials, solicitation materials, training and teaching materials, etc. - all of which belong to Mr. Steven Barger and are wholly owned by him.

Barger also learned during his September 2019 trial of the existence of claims against you including: fraud in the inducement, detrimental reliance, unjust enrichment, conversion and theft.

It appears that your run at Willis was successful. $500,000 a year for use of my client's intellectual property when you had been paying Barger four times that amount the year prior for use of his intellectual property and his fully available time and attention, given your acquired wealth during that timeframe, seems light.

A settlement will avoid the specter of a public recounting of your knowingly fraudulent contract negotiations with Barger in 2013, Barger's detrimental reliance on your stated authority, as well as the spectacle of Barger hauling out his published proprietary works dating back to 1978. Not to mention the rehash of a nearly forty year personal and professional relationship. I am not entirely certain what was in your professional bag of tricks before you met my client, but I do know what was in his.

My client does not wish to suggest, nor will he plead, that you are solely reliant on Barger or his ideas for your income or level of success. That is an absurd notion and is not a necessary element of my client's claim. Rather, as is the case in matters of copyright infringement, as well as intellectual property disputes, minus a **clear** understanding between the parties as to the scope and duration of the use of said property, it becomes virtually impossible to determine exactly how much of the "success" (e.g. money) of the party who converted the damaged party's property, is a result of that conversion.

Unraveling Barger's concepts, which began to be published in 1978, from concepts you presented as being yours and converted illegally without Barger's authorization is not going to be

**THE LAW OFFICE OF SHAWN SHEARER, P.C.**

easy, but any copyright or intellectual property lawyer will tell you it can be done, and my client fully intends to do it, if necessary.

Your need to negotiate a contract with my client, as **admitted** during commencement of *Barger v. First Data, et al,* combined with First Data/Fiserv's counsel's obsession with contracts, agreements and payments to my client, and said counsel's on the record representations that such contracts and agreements are not only mandatory, but actually constitute the entire basis for determining validity of performance and compensation at First Data/Fiserv, are all tangible demonstrations of proof that you were at all times relevant, aware that you **do not** own, and **have no** ability to use, Mr. Barger's intellectual property without Barger's expressed consent.

Had you believed at any time that you "owned" Barger's property, or that he was not due compensation for his intellectual property, there would have been no need for those contract negotiations, the conditions of which comprised such a substantial portion of Mr. Eidelman's discovery time and Mr. DiLorenzo's closing argument.

The transcript of *Barger v. Data,et al*, the evidence presented, your testimony, and the testimony of others, has already proven your unauthorized use of Barger's intellectual property. There really is no need to litigate. It was all already said and entered into evidence - mainly by defendants along with Eidelman and DiLorenzo, on the record in a federal trial.

To be clear - the proof my client needs to prove both liability and damages in his litigation against you, exists in the sworn testimony of a transcript in a federal trial. Evidence doesn't usually get much better than that.

Your contract negotiation with my client, and the resulting agreements, were the subject of a six month discovery extension obtained by Mr. Gary Eidelman for the expressed purpose of further inspecting contracts and agreements that had been represented to Barger by you, as having been fully negotiated and agreed to by First Data/Fiserv at the highest levels beginning in 2013.

Eidelman, as is his habit, conflated the idea of outside counsel learning about the existence of evidence from its client, with the client itself knowing of the existence of that same evidence. Due to Eidelman's inability to understand this fundamental element of evidentiary procedure (combined with his stated desire to Barger's counsel to "run this case" until Eidelman could afford to pay for his daughter's impending wedding at the Four Seasons) Eidelman attempted to stave off the damage claim he knows is coming eventually in Barger's FMLA case by suggesting that a $50,000 invoice, authorized and paid in 2014, was "after acquired evidence."

Since Eidelman currently does not have use of a time machine, his "discovery" fell flat due to the unavoidable reality that payment of the invoice in question by the defendant in 2014 served as proof that the invoice could never be "after acquired" by that same defendant in 2018. Eidelman's seeming inability to comprehend the space - time continuum has now led my client to his discovery that <u>you</u> are the party who had negotiated with Barger in bad faith in 2013 and

**THE LAW OFFICE OF SHAWN SHEARER, P.C.**

again in 2014, after having stolen from him, without his knowledge, for the preceding thirteen years.

Eidelman has tripped over the proverbial dollar to pick up a penny. In your case, it seems he tripped over several million dollars of personal liability, the existence of which Eidelman has now alerted my client. It would appear that Eidelman has ostensibly inadvertently done my client a "mitzvah" on his way to his daughter's Fiserv-sponsored nuptials.

To be clear, Mr. Barger does not have any current arrangement or agreement with you regarding Barger's intellectual property. You do not have his permission to use any of his intellectual property, and if you are doing so, you must cease and desist immediately. Mr. Barger only discovered your unauthorized conversion of and profits from his property within the past thirty days.

If this matter is litigated, the content and origin of writing of your 2015 book "The Power of Being Yourself" will have to be called into question, as well as any current work and speaking fees you receive that rely in any way on Barger's intellectual property. This is not a chore which Mr. Barger in any way relishes. Rather, my client is disappointed and saddened in his knowledge of your theft of his property, and prefers to settle at his stated number as opposed to a rehash of every detail that has transpired between the two of you since 1982.

Nonetheless, Mr. Barger is willing to litigate, as he has demonstrated to First Data/Fiserv, should the need arise.

**Mr. Barger's demand is for payment of $6.5 million for Mr. Barger's release of all claims against you, personally, arising out of, or related to, your misappropriation and use of Mr. Barger's intellectual and proprietary property and his granting of a fully-paid, non-exclusive, license to continue to using his now existing intellectual and proprietary property in your possession.**

Very truly yours,

**THE LAW OFFICE OF SHAWN SHEARER, P.C.**

JS 44   (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Joseph J. Plumeri II | Steven B. Barger |

| **(b)** County of Residence of First Listed Plaintiff | Suffolk County, New York | County of Residence of First Listed Defendant | Jefferson County, Alabama |
|---|---|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | | *(IN U.S. PLAINTIFF CASES ONLY)* | |
| | | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. | |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Saul Ewing Arnstein & Lehr LLP, Gillian A. Cooper, 1500 Market Street, 38th Floor, Philadelphia, Pennsylvania 19102, (215) 972-7861 | Shawn Shearer, 3839 McKinney Avenue, Suite 155-254, Dallas, Texas 75204, (972) 803-4499 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
       Plaintiff
- ☐ 3  Federal Question
       *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government
       Defendant
- ☒ 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | **LABOR** | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☒ 195 Contract Product Liability | ☒ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332(a), 28 U.S.C. 2201, Fed. R. Civ. P. 57

Brief description of cause:
Complaint for declaratory judgment.

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE   Hon. Frederic Block

DOCKET NUMBER   1:17-cv-4869-FB-LB

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 10/18/2019 | /s/ Gillian A. Cooper |

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

# CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, _Gillian A. Cooper_____, counsel for_Joseph J. Plumeri II_____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐  monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐  the complaint seeks injunctive relief,

☒  the matter is otherwise ineligible for the following reason   This action is for a declaratory judgment.

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.)  Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?      ☐  Yes   ☒  No

2.)  If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?      ☐  Yes   ☒  No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?      ☒  Yes   ☐  No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:                                    .

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?_____ ☐  Yes   ☐  No
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☒  Yes          ☐  No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐  Yes   (If yes, please explain)   ☒  No

I certify the accuracy of all information provided above.

Signature: _____/s/ Gillian A. Cooper_____

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | | |
|---|---|---|
| Joseph J. Plumeri II | ) | |
| | ) | |
| | ) | |
| | ) | |
| _Plaintiff(s)_ | ) | |
| v. | ) | Civil Action No. |
| Steven B. Barger | ) | |
| | ) | |
| | ) | |
| | ) | |
| _Defendant(s)_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Steven B. Barger
1020 Linkside Drive
Birmingham, Alabama 35242

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you
are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ.
P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of
the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney,
whose name and address are:   Gillian A. Cooper, Esq.
Saul Ewing Arnstein & Lehr LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.
You also must file your answer or motion with the court.

DOUGLAS C. PALMER
*CLERK OF COURT*

Date: _____          _____

                                                            *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒  I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒  I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❒  I returned the summons unexecuted because _____ ; or

❒  Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .


I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                          *Server's signature*

                                                          _____
                                                          *Printed name and title*


                                                          _____
                                                          *Server's address*

Additional information regarding attempted service, etc:

# EXHIBIT B

20191022135324

AO 440 (Rev. 06/12) Summons in a Civil Action

## RETURN OF SERVICE

SERVICE OF: **SUMMONS AND COMPLAINT, EXHIBITS, CIVIL COVER SHEET**
EFFECTED (1) BY ME: Tina Romano Martin
TITLE: **PROCESS SERVER**

DATE: 10/22/19

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[ ] Served personally upon the defendant

STEVEN B. BARGER

Place where served:

1020 LINKSIDE DRIVE   BIRMINGHAM  AL  35242

[X] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

Marilyn Barger

Relationship to defendant   Wife

Description of Person Accepting Service:

SEX: F   AGE: 68   HEIGHT: 5'4"   WEIGHT: 150   SKIN: C   HAIR: Bla   OTHER: _____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

---

## STATEMENT OF SERVER

TRAVEL$ _____.____          SERVICES $_____.____          TOTAL $_____.____

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

DATE: 10 /23 / 20 19

Tina Romano Martin L.S.

SIGNATURE OF
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

ATTORNEY:   GILLIAN A. COOPER, ESQ.
PLAINTIFF:   JOSEPH J. PLUMERI, II
DEFENDANT:  STEVEN B. BARGER
VENUE:       DISTRICT
DOCKET:      1 19 CV 05896
COMMENT:

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   Steven B. Barger

was received by me on *(date)*   10/22/19   .

☐ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

☑ I left the summons at the individual's residence or usual place of abode with *(name)*   Marilyn

Barger   , a person of suitable age and discretion who resides there,

on *(date)*   10/22/19   , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:   10/23/19   _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

---

JOSEPH J. PLUMERI II,

           Plaintiff,

v.

STEVEN B. BARGER,

           Defendant.

---

Civil Case No.: 1:19-cv-05896-FB-RER

**NOTATION OF DEFAULT**

I, Douglas C. Palmer, Clerk of the Court of the United States District Court for the Eastern District of New York, do hereby certify that Defendant Steven B. Barger has not filed an answer or otherwise moved with respect to the Complaint for Declaratory Judgment herein. The default of Defendant Steven B. Barger, is hereby noted pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Dated: Brooklyn, New York
      __February 11____, 2020

                                  Douglas C. Palmer
                                  Clerk of the Court


                              By: __*/s/Jalitza Poveda*_____
                                   Deputy Clerk

# EXHIBIT D

**SAUL EWING**

**ARNSTEIN**

**& LEHR** LLP

Gary B. Eidelman
Phone: (410) 332-8975
Fax: (410) 332-8976
Gary.Eidelman@saul.com
www.saul.com

February 12, 2020

**Via Certified Mail**

Steven B. Barger
1020 Linkside Drive
Birmingham, Alabama 35242

      **Re:**   *Joseph J. Plumeri II v. Steven B. Barger*,
             **Civil Case No. 1:19-cv-05896-FB-RER**

Dear Mr. Barger:

      Enclosed please find the following documents that were filed today in the above-referenced matter:

    1.    Notice of Motion for Default Judgment;
    2.    Memorandum of Law in Support of Motion for Default Judgment;
    3.    Affidavit of Gary B. Eidelman in Support of Motion for Default Judgment with attached Exhibits; and
    4.    Proposed Order for Default Judgment.

                    Very truly yours,

                    Gary B. Eidelman

500 E. Pratt Street ♦ Suite 900 ♦ Baltimore, MD 21202-3133
Phone: (410) 332-8600 ♦ Fax: (410) 332-8862

DELAWARE  FLORIDA  ILLINOIS  MARYLAND  MASSACHUSETTS  NEW JERSEY  NEW YORK  PENNSYLVANIA  WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Steven B. Barger
1020 Links de Drive
Birmingham, AL 35242

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail®   ☐ Priority Mail Express™
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7018 1830 0001 1713 6478

PS Form 3811, July 2013   Domestic Return Receipt

---

7018 1830 0001 1713 6478

CERTIFIED MAIL

First Class

02 1P   $ 006.150
0000898951   FEB 12 2020
MAILED FROM ZIP CODE 21202

UNITED STATES POSTAL
PITNEY BOWES

First Class Mail

TO:

Steven B. Barger
1020 Links
Birmingha

CERTIFIE

FROM:

SAUL EWING
ARNSTEIN
& LEHR LLP
500 E. Pratt Street
Suite 900
Baltimore, MD 21202-3133
G. Eidelman

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

7018 1830 0001 1713 6478

Certified Mail Fee   $ 3.55
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)   $
☐ Return Receipt (electronic)   $
☐ Certified Mail Restricted Delivery   $
☐ Adult Signature Required   $
☐ Adult Signature Restricted Delivery   $
Postage   $ 0.15
Total Postage and Fees   $ 6.15

Sent To   Steven B. Barger
Street and Apt. No., or PO Box No.   1020 Links de Drive
City, State, ZIP+4®   AL 35242

Postmark Here   2/12/20